UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF JACOB CHASE,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN ROHRBACHER, et al.,<br><br>    Defendants. | Case No. 22-cv-02421-EMC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Docket Nos. 2-3 |

Plaintiff Jeff Chase has sued the City of Sausalito and several City employees, including police officers. Currently pending before the Court is his application to proceed *in forma pauperis* ("IFP") and his motion for a temporary restraining order ("TRO").

The Court addresses first the IFP application. Based on the financial affidavit submitted, the Court **GRANTS** the application. Because Mr. Chase is proceeding IFP, the Court must now review his complaint pursuant to 28 U.S.C. § 1915(e)(2). *See Roughen v. Dep't of the Army*, No. 98-35896, 2000 U.S. App. LEXIS 12583, at *2 (9th Cir. June 2, 2000) (noting that, because the plaintiff "was not a prisoner, she was not subject to the screening requirement of 28 U.S.C. § 1915A(a)[;] [h]owever, her complaint was subject to review under 28 U.S.C. § 1915(e)(2)(B) because she was proceeding in forma pauperis").

Mr. Chase's complaint is confusing and difficult to follow. He refers, *e.g.*, to a false arrest for assault on an officer (in 2012); destruction of boat-related equipment (in 2018); obstruction of his candidacy for political office (including in 2018); removal of a public dock (in 2019); and destruction of personal property, including a tent (in 2022). *See* Compl. at 4-5. He also states that he is prevented from "doing [his] work at Marinship Camp." Compl. at 6. For relief, he seems to

1  seek, *e.g.*, "restoration of . . . public access for dinghies and kayaks in Sausalito"; the construction

2  of a public dock near the Marinship Park encampment; a space inside the Marinship Park

3  encampment; a bar on provisional ballots in upcoming elections in the City; a relocation of the

4  camp back to Dunphy Park; and the establishment of a community garden next to the tennis courts

5  at Marinship Park. *See* Compl. at 11.

6        The Court has serious doubts about the viability of much of the complaint. For example,

7  to the extent Mr. Chase seeks damages for conduct that took place in 2012, 2018, and 2019, those

8  claims – which appear to be based on 42 U.S.C. § 1983 – would be time barred. *See Claraty v.*

9  *Hall-Mills*, No. 18-cv-06861-JCS, 2019 U.S. Dist. LEXIS 42952, at *6 (N.D. Cal. Mar. 15, 2019)

10  ("Section 1983 borrows the statute of limitations for a personal injury claim under the law of the

11  state where the action is filed, which is two years in California."). However, it appears that Mr.

12  Chase is alleging that, *e.g.*, his tent was destroyed in 2022 and that he seeks a spot in the

13  Marinship Park encampment. Those claims may be viable and therefore the Court orders the U.S.

14  Marshals' Office to serve the complaint on Defendants.

15        The Court now turns to the TRO motion. In the motion, Mr. Chase states that he seeks to

16  enjoin Defendants "[1] from ticketing, seizing, impounding or destroying my boat home AND [2]

17  from preventing me from running for City Council of Sausalito." Mot. at 1. The request for relief

18  is **DENIED**.

19        With respect to (1) above, Mr. Chase has indicated that he "received a citation for being in

20  'Sausalito Waters' February 16, 2022 under a '72-hour max' rule." Chase Decl. ¶ 3; *see also*

21  Sausalito Mun. Code § 16.04.100(b) ("[T]he Sausalito Police Department may remove or cause to

22  be removed any vessel which has been left in City waters or beached for 72 or more consecutive

23  hours. The registered and legal owner of the vessel so removed and impounded shall have the

24  right to secure the release of such vessel upon furnishing proof of ownership and payment of the

25  costs and expense of removal, impoundment and/or storage of the vessel."). But Mr. Chase has

26  not demonstrated why that citation was improper, why he is likely to be cited again in the future,

27  and/or why his boat will likely be destroyed. *See, e.g.*, Chase Decl. ¶ 5 (stating that Officer

28  Mathers told him that the boat was "about to be 'impounded and/or crushed' [but] I informed him

the vessel had sailed"). Accordingly, Mr. Chase has not shown either a likelihood of irreparable injury or a likelihood of success on the merits.

As for (2), Mr. Chase has not offered any evidence indicating that Defendants are preventing him from running for office. Mr. Chase refers to events that took place in 2018 – many years ago. But what took place in 2018 has little bearing on whether Mr. Chase can run for office today.

Accordingly, the Court hereby **DENIES** the motion for a TRO. To the extent Mr. Chase is also moving for a preliminary injunction, that request for relief is also denied, albeit without prejudice. The record as it stands does not support the request for relief.

The U.S. Marshal is instructed to serve this Order and Complaint on all Defendants.

This order disposes of Docket Nos. 2 and 3.

**IT IS SO ORDERED**.

Dated: April 28, 2022

_____
EDWARD M. CHEN
United States District Judge